```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

**MAURICE TAFT GIBSON**

    **Plaintiff,**

v.                                         **CIVIL ACTION NO. 1:11-0024**
                                                        (Criminal No. 1:05-00126-01)

**UNITED STATES OF AMERICA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Judgment Order dated January 17, 2014, the court accepted the Proposed Findings and Recommendation of the magistrate judge and dismissed plaintiff's motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Pending before the court is plaintiff's motion asking for relief from that judgment pursuant to Federal Rule of Civil Procedure 60(b). See ECF No. 566.

As our appeals court has noted, "the Federal Rules of Civil Procedure allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). Although the two rules appear similar, they are in fact quite distinct." Robinson v. Wix Filtration Corp, LLC, 599 F.3d 403, 411 (4th Cir. 2010). "A Rule 59(e) motion may only be granted in three situations: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not

available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Mayfield v. National Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)). "It is an extraordinary remedy that should be applied sparingly." Id. The circumstances under which this type of motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l. Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D.W. Va. 1999)(citation omitted).

Rule 60(b) of the Federal Rules of Civil procedure provides in pertinent part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based upon an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Relief from final judgment under Rule 60(b) is an extraordinary remedy that "is only to be invoked upon a showing of exceptional circumstances." Pressley Ridge Schools v. Lawton, 180 F.R.D.

306, 308 (S.D.W. Va. 1998).  Dispositions of Rule 60(b) motions are reviewed for abuse of discretion.  See id.

Plaintiff has not demonstrated that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(5) or 60(b)(6).  For all these reasons, Gibson's motion is **DENIED**.  Gibson's motion for a status report on hearing and to appoint counsel is also **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 18th day of May, 2021

                          ENTER:

                          David A. Faber
                          Senior United States District Judge